


**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

**AUG 17 2007**

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUGH T. BUTLER, SR., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | 1 07-CV-1978 |
| ) | |
| GREIF, INC. AND ROBERT ) | |
| MICHAEL OGILVIE, JR. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes the Plaintiff, Hugh T. Butler, Sr., by and through counsel, and sues the Defendant, Greif, Inc., for his cause of action, claims and alleges as follows:

### I. JURISDICTION AND PARTIES

1. This is a suit for discrimination based upon retaliation, brought pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12203, hereinafter referred to as "ADA".

2. All conditions precedent to jurisdiction of the ADA, 42 U.S.C. § 12203 have been met in that:

    (A) Pursuant to 42 U.S.C. § 2000e-5, a charge of employment

1

discrimination based on retaliation was filed with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of the last unlawful employment practice alleged herein. Specifically, said charge was filed on February 22, 2007, "Plaintiff's Exhibit 1."

(B) A Notice of Right to Sue was issued from the EEOC on May 22, 2007, "Plaintiff's Exhibit 2."

(C) This Complaint has been filed within ninety (90) days of the EEOC's Notice of Right to Sue.

3. This Court has original jurisdiction over Plaintiff's claims pursuant to Title 28 U.S.C. § 1331 and venue pursuant to 28 U.S.C. § 1391.

4. Plaintiff is a citizen of the United States and a resident of Covington, Georgia, which is in the Northern District of Georgia, Atlanta Division.

5. Defendant, Greif, Inc. ("Employer"), is a corporation incorporated under the laws of the State of Delaware and is doing business in the Northern District of Georgia, Atlanta Division, and at all times pertinent to this action, Greif, Inc. is an employer within the contemplation of the ADA and Title VII. Additionally, Defendant Greif, Inc., at all times pertinent to this action, is the

employer of Defendant Robert Michael Ogilvie, Jr. and Plaintiff.

6. Robert Michael Ogilvie, Jr. ("Ogilvie"), is being sued individually and in his official capacity. Ogilvie is a citizen of the United States and a resident of LaGrange, Georgia, which is in the Northern District of Georgia, Atlanta Division, and at all times pertinent to this action, is the Operations Manager of Greif, Inc. Additionally, at all times pertinent to this action, Ogilvie had full supervisory authority over Plaintiff.

## II. STATEMENT OF FACTS

7. At all times pertinent herein, the Plaintiff was employed as a Machinist/Electrician working out of Defendant's facility in Lithonia, Georgia as the Group Leader over the machinist/electricians.

8. Plaintiff engaged in statutorily protected activity as follows:

(A) He filed a Charge of Discrimination with the EEOC on or about August 16, 2004.

(B) Plaintiff received a Dismissal and Notice of Rights to Sue on or about August 30, 2004.

(C) On November 30, 2004, Plaintiff filed a lawsuit against Defendants

alleging employment discrimination based on his disability.

(D) On March 29, 2006, the district court denied summary judgment to Defendant Greif and granted summary judgment to Ogilvie.

(E) On August 28, 2006, a Jury Trial commenced.

(F) On August 30, 2006, the district court granted a Judgment as a Matter of Law pursuant to FRCP 50(a) in favor of Defendant Greif.

(G) On or about August 31, 2006, without any prior notice of job performance deficiencies, Defendant Ogilvie terminated Plaintiff's employment by letter indicating that the trial was over and Plaintiff was terminated.

### III. CAUSES OF ACTION

9. Plaintiff engaged in statutorily protected activity.

10. Defendant Greif, Inc. was aware of the activity;

11. The Plaintiff suffered an adverse employment action;

12. And there was a causal connection between the protected activity and the adverse employment action.

13. That the aforementioned acts of the Defendants constitute unlawful retaliation against the Plaintiff in violation of the Americans With Disabilities Act

of 1990, as amended, 42 U.S.C. § 12203.

14.     That as a direct and proximate result of Defendants' acts and omissions against the Plaintiff, the Defendants retaliated against the Plaintiff in the terms, conditions and privileges of his employment.

15.     That as a direct result of Defendants' retaliation, Plaintiff has been deprived of economic benefits, including, but not limited to, loss of employment, loss of wages and loss of employment benefits.

16.     That Defendants' unlawful conduct has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages from mental anguish, loss of enjoyment of life, substantial embarrassment and humiliation, impairment to his professional reputation, and other nonpecuniary losses.

WHEREFORE, the Plaintiff, Hugh T. Butler, Sr., respectfully prays the Court grant t he following relief:

A.      That the Plaintiff be granted injunctive relief requiring Defendant to restore Plaintiff to the position of Machinist/Electrician and as Group Leader over the machinists/electricians or a comparable position, or alternatively, to award him a reasonable amount of front pay in lieu of employment.

B.      That the Plaintiff be awarded the back pay he would have earned,

together with the value of his employment benefits and prejudgment interest thereon from the date he was terminated as an employee of the Defendant Greif on account of the Defendants' discrimination.

C.  That the Plaintiff be awarded his attorney fees and costs and discretionary costs in this action.

D.  That the Plaintiff be awarded compensatory damages in an amount to be determined at the trial of this cause.

E.  That the Plaintiff be awarded punitive damages in an amount to be proven at the trial of this cause.

F.  That the Court grant such other and general relief to which Plaintiff may show himself entitled.

## IV. RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Hugh T. Butler reserves the right to assert additional violations of federal or state law, as the case may be.

## V. JURY TRIAL

Hugh T. Butler demands trial by jury on all issues so triable.

## **RULE 7.1D CERTIFICATION**

I hereby certify that this document has been prepared by using one of the font and point selections (i.e., New Times Roman 14 point) approved by the Court in Local Rule 5.1B.

Dated this 16th date of August, 2007.

Respectfully Submitted,

SHEPPARD & ASSOCIATES

Sandra Jackson Sheppard
Georgia Bar No. 641967
455 Park Avenue, S.E.
Atlanta, Georgia 30312
(404) 622-5777
(404) 622-5577 Fax

Attorney for Plaintiff

# SHEPPARD AND ASSOCIATES
## Attorneys & Counselors at Law

455 Park Avenue, S.E.  
Atlanta, Georgia 30312

(404) 622-5777  
(404) 622-5777 Fax

EEOC CHARGE NO. 410 2007 02257

## EEOC CHARGE ON BEHALF OF COMPLAINANT

| NAME (Indicate Mr., Ms., Mrs.) Mr. Hugh Butler | HOME TELEPHONE (Include Area Code) (770) 377-4197 | |
|---|---|---|
| STREET ADDRESS 461 Jackneely Rd | CITY, STATE AND ZIP CODE Covington, Georgia 30016 | DATE OF BIRTH 06-24-1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST CLIENT (If more than one list below.)

| NAME Greif, Inc. | NUMBER OF EMPLOYEES, MEMBERS >15 | TELEPHONE (Include Area Code) (770) 482-8930 | |
|---|---|---|---|
| STREET ADDRESS 2002 Lithonia Industrial Blvd. | CITY, STATE AND ZIP CODE Lithonia, GA 30058 | | COUNTY DeKalb |
| NAME Robert Michael Ogilvie, Operations Manager, Greif | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) | |
| STREET ADDRESS (Same as Greif, Inc.) | CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ DISABILITY ☐ NATIONAL ORIGIN ☒ RETALIATION OTHER (Specify) | EARLIEST 08/31/2006 ☒ CONTINUING ACTION | LATEST |

## I. HUGH T. BUTLER, SR.'S STATEMENT OF FACTS

Hugh T. Butler, Sr. ("Butler") is a citizen of the State of Georgia who worked as a machinist/electrician/group leader for defendant Greif Bros. Service Crop. ("Greif" or "company") most of the years from 1984 until Greif placed him on medical leave of absence effective August 16, 2004. Butler injured his back at work in 2001 and was treated and diagnosed with a degenerative back condition. Butler did not seek medical treatment immediately at the request of Greif's operations



1



manager at the plant, Robert Michael Ogilvie. However, Butler continued to have problems with his back until he could no longer tolerate the pain and insisted that he be approved for medical treatment. Butler was out on a FMLA leave for about three weeks in January 2003, and during this time, he was treated for his back condition. Upon returning to work, Butler provided the M.R.I. document showing he had a degenerative back condition. Butler followed his doctor's instructions regarding therapy and watched how he worked. To avoid further injury to his back, Butler utilized the job aids in the form of equipment provided by Greif to assist machinist/electricians to lift heavy and awkward objects, and Butler used the safety practices that he learned from the company's safety training videos. In this manner, Butler was able to continue to perform all the essential functions of his job, and did not have to make any special requests for accommodations until Greif placed the machinist/electricians in the pool of employees to provide break relief to press operators in June 2004. Butler reminded Greif of his back condition and the medical documentation already in his personnel file. However, Greif decided Butler needed a functional capacity evaluation and sent him to the company doctor, who, while in the process of evaluating Butler, determined Butler could not bend his back. The company doctor ceased the evaluation and told Butler he would to obtain a list of restrictions from his private physician, and Greif reiterated the company doctor's instructions. Butler went to his treating physician who provided the work restrictions which included "0 bending" among other weight-limiting restrictions. Upon reviewing the restrictions, Greif changed its position and was no longer concerned about Butler doing break relief duty, but instead, concluded Butler was no longer fit to perform the essential functions of his machinist/electrician job. Greif did not base its decision on any objective job performance, and since August 6, 2004, Greif refused to allow Butler to return to work, from a previously scheduled vacation, utilizing the same job aids and safety practices that he used before Greif saw the work restrictions. Greif insists that Butler could return to work if he could obtain a work release with restrictions or a set of restrictions that were less severe. Butler believed Greif

2

discriminated against him because of his disability and filed an EEOC Charge, No. 110-2004-04330, on or about August 16, 2004. EEOC issued its Dismissal and Notice of Rights to sue on or about August 30, 2004. Butler filed a lawsuit in U.S. District Court on or about November 30, 2004, Case No. 1:04-cv-3502-ODE, and in February of 2005, Butler filed an amended complaint alleging Greif failed to comply with the ADA reasonable accommodations provisions, Greif constructively discharged him based on his back disability, and Greif retaliated against him for exercising his statutorily protected expression. Butler further alleged that Greif failed to comply with the ADA reasonable accommodations provisions. In the course of a three-day trial, only Butler put on evidence before the jury, while Greif engaged in cross-examination of the witnesses. On August 30, 2006, the Court rendered a directed verdict in favor of Greif. On or about August 31, 2006, Greif sent a letter to Butler terminating his employment. Butler appealed the District Court's decision to the United States Circuit Court of Appeals for the Eleventh Circuit, Case No. 06-15274-BB, and the case is presently awaiting an appellate decision.

II. Butler believes Robert Michael Ogilvie and Greif discriminated against him by discharging him on or about August 31, 2006, shortly after part of the protected activity ended on August 30, 2006, as the protected activity is currently in the appellate court. Ogilvie and Greif's actions are in violation of the ADA and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. sec. 2000e et seq.

Respectfully submitted February 20, 2007,

SANDRA JACKSON SHEPPARD
Georgia Bar No. 641967

**Attorney for Complainant**

**CERTIFIED MAIL # 7005 3110 0001 8412 4562**

3

EEOC Form 161 (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Hugh Butler<br>461 Jackneely Road<br>Covington, GA 30016 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2007-02257 | Rose-Marie Stewart,<br>Investigator | (404) 562-6835 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
Director

5/22/07
(Date Mailed)

Enclosures(s)

cc:
Benjamin H. Banta, Esq.
Attorney at Law
THE KULLMAN FIRM
1600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Sandra Jackson Sheppard, Esquire
Sheppard & Associates
455 Park Avenue
Atlanta, GA 30312

**Plaintiff's Exhibit 2**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*