FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
MAY 08 2009
JAMES N. HATTEN, CLERK
By: Deputy Clerk

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 07, 2009

James N. Hatten
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

**Appeal Number: 08-16104-CC**
Case Style: Hugh T. Butler, Sr. v. Greif, Inc.
District Court Number: 07-01978 CV-ODE-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
MAY 08 2009
JAMES N. HATTEN, CLERK
By: Deputy Clerk

# United States Court of Appeals

For the Eleventh Circuit

No. 08-16104

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Apr 8, 2009
THOMAS K. KAHN
CLERK

District Court Docket No.
07-01978-CV-ODE-1

HUGH T. BUTLER, SR.,

Plaintiff-Appellant,

versus

GREIF, INC.,
MICHAEL OGILVIE, JR.,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Northern District of Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 07 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: April 8, 2009
For the Court: Thomas K. Kahn, Clerk
By: Clark, Djuanna H.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 08-16104
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01978-CV-ODE-1

HUGH T. BUTLER, SR.,

Plaintiff-Appellant,

versus

GREIF, INC.,
MICHAEL OGILVIE, JR.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

(April 8, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This is an employment discrimination case, brought by Hugh T. Butler, Sr., against his former employer, Greif, Inc. ("Greif"), under the anti-retaliation provision of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a).[1] The district court granted Greif summary judgment because Butler failed properly to file a charge with the Equal Employment Opportunity Commission ("EEOC"). He now appeals.

Prior to bringing this lawsuit, Butler had to file a charge with the EEOC under oath or affirmation. 42 U.S. C. § 2000e-5(b). Butler's charge, which was submitted by his attorney, was not verified at the time it was filed; nor was it verified while the charge was pending before the EEOC. Butler argues that his attorney's signature on the charge was sufficient and that, if not, he could cure the lack of verification even after the EEOC dismissed his case for failing to cooperate. He also argues that Greif waived its right to challenge the lack of verification.

Before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. See 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (stating that exhaustion requires the timely filing

---

[1] Butler also sued his supervisor, Michael Ogilvie, Jr. He subsequently conceded that Ogilvie was not amenable to suit under the ADA because employers only are liable under the ADA. Thus, the district court properly entered summary judgment for Ogilvie.

of a discrimination charge with the EEOC). An EEOC charge must be verified, meaning that it must be "sworn to or affirmed . . . or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). The verification requirement is mandatory. See Vason v. City of Montgomery, 240 F.3d 905, 907 (11th Cir. 2001).

Although the applicable regulations allow charges of discrimination to be filed on behalf of a person, see 29 C.F.R. § 1601.7(a), the regulations do not dispense with the requirement that a plaintiff verify the facts supporting a claim. 29 C.F.R. § 1601.9. While an attorney may file an EEOC charge on behalf of a client, the attorney's signature alone will not constitute verification if the attorney does not personally swear to the truth of the facts stated in the charge and does not have personal knowledge of those facts.[2]

In certain situations, the EEOC regulations permit an otherwise timely charge to be verified or amended after the time for filing has expired, but the deadline to verify is the time the employer is obliged to respond to the EEOC charge. Edelman v. Lynchburg College, 535 U.S. 106, 113, 115-18, 122 S.Ct. 1145, 1149-52, 152 L.Ed.2d 188 (2002); 29 C.F.R. § 1601.12(b). Where a right to sue letter has issued, the plaintiff has brought suit, and the EEOC has closed its

---

[2] In Vason, we expressly rejected the argument that the EEOC is obligated to inform a plaintiff of deficiencies of his charge, such as the lack of verification. 240 F.3d at 907.

file, there is no longer a charge pending before the EEOC that is capable of being verified. See Balazs v. Liebenthal, 32 F.3d 151, 156-58 (4th Cir.1994) (allowing EEOC charge to be amended and for amendment – verification – to relate back only so long as the charge is a viable one in the EEOC's files).

At least one Circuit, the Third Circuit in Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256 (3rd Cir. 2006), has held that the verification requirement should be subject to waiver "when equity so requires," such as when, as in that case, the employer responded to the EEOC charge on the merits, declined to challenge the sufficiency of the charge before the EEOC, and later attempted to move to dismiss the suit for lack of verification. Buck, 452 F.3d at 262-65 (noting that the waiver rule would apply very sparingly). Id. at 265. However, the plaintiff's failure to cooperate with the EEOC disentitles that person to equitable relief. See Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1570 (11th Cir. 1996).

Here, Butler's attorney's signature did not constitute a verification. The deadline to verify the EEOC charge was while the charge was pending before the EEOC. Butler, though, did not verify it until after the EEOC had dismissed his case. Lastly, Butler's failure to cooperate with the EEOC disentitled him to any equitable relief.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: ____________
Deputy Clerk
Atlanta, Georgia